UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Republic of Haiti,

                     Plaintiff,

            -against-

Harris Sliwoski LLP, Dan Harris, and John B. McDonald,

                  Defendants.
-------------------------------------------------------------------x

Docket No.: 1:24-cv-00157 (JLR)(GS)

**ANSWER WITH AFFIRMATIVE DEFENSES**

**JURY TRIAL DEMANDED**

      Defendants, HARRIS SLIWOSKI LLP, DAN HARRIS, and JOHN B. MCDONALD (hereinafter referred to as "Defendants" or "DEFENDANTS"), by their attorneys Clausen Miller P.C., as and for their Answer and Affirmative Defenses to the Complaint of Plaintiff REPUBLIC OF HAITI ("Plaintiff" or "REPUBLIC OF HAITI") filed on December 5, 2023 in the Supreme Court of New York, County of New York ("Plaintiff's Complaint"), upon information and belief, sets forth as follows:

## NATURE OF ACTION

      1.      Answering defendants deny each and every allegation contained in paragraph 1.

      2.      Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

      3.      Answering defendants deny each and every allegation contained in paragraph 3.

      4.      Answering defendants deny each and every allegation contained in paragraph 4.

      5.      Answering defendants deny each and every allegation contained in paragraph 5.

      6.      Answering defendants deny each and every allegation contained in paragraph 6.

      7.      Answering defendants admit the allegations contained in paragraph 7.

      8.      Answering defendants deny each and every allegation contained in paragraph 8.

**PARTIES**

9.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10.    Answering defendants deny each and every allegation contained in paragraph 10, except admits that Harris Sliwoski LLP is a law firm with its principal place of business at 600 Stewart Street, Seattle, Washington.

11.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, except admit Dan Harris is an individual, partner of Harris Sliwoski LLP, and resides in Seattle, Washington.

12.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, except admit John B. McDonald is an individual, a member of the New York bar, and resides in Washington State.

**JURISDICTION AND VENUE**

13.    Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

14.    Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations.

15.    Answering defendants deny each and every allegation contained in paragraph 15.

10477417.1

## FACTUAL BACKGROUND

### A.    The Contracts Between Preble-Rish and BMPAD

#### 1.    The Contract Subject Matter and Parties

16.    Answering defendants deny each and every allegation contained in paragraph 16.

17.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17.

18.    Answering defendants deny each and every allegation contained in paragraph 18.

#### 2.    The Arbitration Clause

19.    Answering defendants admit the allegations contained in paragraph 19.

### B.    Preble-Rish's Arbitration Demand

20.    Answering defendants admit the allegations contained in paragraph 20.

21.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21.

22.    Answering defendants admit the allegations contained in paragraph 22.

23.    Answering defendants deny each and every allegation contained in paragraph 23, except admit that Dan Harris signed a letter dated December 4, 2020 wherein Harris Bricken is identified as counsel to the Government of Haiti and BMPAD.

24.    Answering defendants deny each and every allegation contained in paragraph 24.

25.    Answering defendants deny each and every allegation contained in paragraph 25.

### C.    Harris Sliwoski's State Court Petition to Stay the Arbitration

26.    Answering defendants admit the allegations contained in paragraph 26.

27.    Answering defendants admit the allegations contained in paragraph 27.

10477417.1

28.     Answering defendants deny each and every allegation contained in paragraph 28, except admit that Harris Bricken Sliwoski LLP was identified in the signature blocks of the petition to stay arbitration and the accompanying memorandum of law as counsel for Republic of Haiti and BMPAD.

29.     Answering defendants admit the allegations contained in paragraph 29.

30.     Answering defendants deny each and every allegation contained in paragraph 30.

31.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31, except admit that the primary bases asserted in support of the petition to stay arbitration were procedural defect in the demand for arbitration and illegality of the arbitration provisions in question under Haitian law.

32.     Answering defendants deny each and every allegation contained in paragraph 32.

33.     Answering defendants deny each and every allegation contained in paragraph 33.

34.     Paragraph 34 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

35.     Answering defendants deny each and every allegation contained in paragraph 35.

36.     Paragraph 36 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

37.     Answering defendants deny each and every allegation contained in paragraph 37.

38.     Answering defendants admit the allegations contained in paragraph 38.

39.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39.

40.     Answering defendants admit the allegations contained in paragraph 40.

**D.    In the Arbitration, Harris Sliwoski Never Raises the Fact that the Republic is not a Party to the Arbitration Agreement**

41.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41.

42.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42.

43.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43.

44.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44.

45.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45.

**E.    The Partial Final Arbitration Award and Preble-Rish's Petition to Confirm**

46.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46.

47.    Answering defendants deny each and every allegation contained in paragraph 47, except admit that on August 9, 2021, Preble-Rish filed a petition to confirm the partial final arbitration award in the Southern District of New York.

48.    Answering defendants admit the allegations contained in paragraph 48.

49.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49, except admit that on February 3, 2022 the clerk entered an amended judgment against Republic of Haiti and BMPAD.

50.    Answering defendants deny each and every allegation contained in paragraph 50.

51.    Answering defendants deny each and every allegation contained in paragraph 51.

52.     Answering defendants admit the allegations contained in paragraph 52.

53.     Answering defendants admit the allegations contained in paragraph 53.

**F.      The Arbitration Hearing and the Final Arbitration Award**

54.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54.

55.     Answering defendants deny each and every allegation contained in paragraph 55.

56.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56.

57.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57.

58.     Answering defendants admit the allegations contained in paragraph 58.

59.     Answering defendants admit the allegations contained in paragraph 59.

60.     Answering defendants deny each and every allegation contained in paragraph 60.

**G.      The Petition to Confirm, the Republic's Opposition and the District Court's Decision Confirming the Final Award**

61.     Answering defendants admit the allegations contained in paragraph 61.

62.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62.

63.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63.

64.     Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64.

65.     Answering defendants admit the allegations contained in paragraph 65.

66.     Answering defendants admit the allegations contained in paragraph 66.

10477417.1

67.    Answering defendants admit the allegations contained in paragraph 67.

68.    Answering defendants admit the allegations contained in paragraph 68.

69.    Answering defendants admit the allegations contained in paragraph 69.

70.    Answering defendants admit the allegations contained in paragraph 70.

71.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71.

72.    Answering defendants deny sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72.

73.    Answering defendants admit the allegations contained in paragraph 70.

74.    Answering defendants deny each and every allegation contained in paragraph 74, except admit that a final judgment was entered by the court jointly and severally against Republic of Haiti and BMPAD in the amount of $31,076,396.85.

75.    Answering defendants deny each and every allegation contained in paragraph 75.

**H.    Harris Sliwoski Has Admitted It Was Never Authorized To Represent The Republic Yet Continued To Claim It Was Representing The Republic Even After Learning It Had No Authority**

76.    Answering defendants deny each and every allegation contained in paragraph 76.

77.    Answering defendants admit the allegations contained in paragraph 77.

78.    Answering defendants deny each and every allegation contained in paragraph 78.

79.    Answering defendants deny each and every allegation contained in paragraph 79.

**I.    The Facts Establishing Harris Sliwoski's Negligence Are Not In Dispute**

80.    Answering defendants deny each and every allegation contained in paragraph 80.

81.    Answering defendants deny each and every allegation contained in paragraph 81.

82.    Answering defendants deny each and every allegation contained in paragraph 82.

10477417.1

## COUNT I

### (Legal Malpractice – Against All Defendants)

83.    Defendants repeat and reiterate each and every denial asserted in response to Paragraphs "1" through "82" of the Complaint with the same force and effect as though set forth fully at length herein.

84.    Answering defendants deny each and every allegation contained in paragraph 84.

85.    Answering defendants deny each and every allegation contained in paragraph 85.

86.    Answering defendants deny each and every allegation contained in paragraph 86.

87.    Answering defendants deny each and every allegation contained in paragraph 87.

88.    Answering defendants deny each and every allegation contained in paragraph 88.

89.    Answering defendants deny each and every allegation contained in paragraph 89.

90.    Answering defendants deny each and every allegation contained in paragraph 90.

## COUNT II

### (Negligence – Against All Defendants)

91.    Defendants repeat and reiterate each and every denial asserted in response to Paragraphs "1" through "90" of the Complaint with the same force and effect as though set forth fully at length herein.

92.    Answering defendants deny each and every allegation contained in paragraph 92.

93.    Answering defendants deny each and every allegation contained in paragraph 93.

94.    Answering defendants deny each and every allegation contained in paragraph 94.

95.    Answering defendants deny each and every allegation contained in paragraph 95.

96.    Answering defendants deny each and every allegation contained in paragraph 96.

97.    Answering defendants deny each and every allegation contained in paragraph 97.

98.     Answering defendants deny each and every allegation contained in paragraph 98.

## COUNT III

### (Violation of Judiciary Law § 487 – Against All Defendants)

99.     Defendants repeat and reiterate each and every denial asserted in response to Paragraphs "1" through "98" of the Complaint with the same force and effect as though set forth fully at length herein.

100.    Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

101.    Answering defendants deny each and every allegation contained in paragraph 101.

102.    Answering defendants deny each and every allegation contained in paragraph 102.

103.    Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

104.    Answering defendants deny each and every allegation contained in paragraph 104.

105.    Answering defendants deny each and every allegation contained in paragraph 105.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

106.    The Complaint fails to state a claim or cause of action upon which relief can be granted against Defendants and should be dismissed.

10477417.1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

107.    The cause(s) of action contained herein is or are time barred by operation of the applicable Statute of Limitations pursuant to the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

108.    That if the Plaintiff sustained damages or injuries complained of in the manner alleged in the Complaint, said damages or injuries were caused by the negligence, acts or omissions of third parties over whom the Defendants were not obligated to exercise supervision or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

109.    Any negligence, acts or omissions of the Plaintiff or third-parties causing, contributing to and/or compounding the occurrence or damages alleged in the Complaint, including withholding from and/or providing inaccurate and untrue information or other evidence to Defendants, constitutes a separate, independent, superseding, interceding, intervening culpable act or cause(s) for which Defendants are not liable.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

110.    Whatever injuries and/or damages the Plaintiff may have sustained at the times and places mentioned in the Complaint, all of which is categorically denied by the Defendants, those damages were caused in whole or in part by the culpable conduct of the Plaintiff and/or third parties for whom Defendants are and were not responsible. The amount of damages recovered, if any, shall therefore be diminished or reduced in proportion to which the culpable conduct attributable to all parties herein bears to the culpable conduct which caused said damages or injuries.

10477417.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

111.    If the Plaintiff sustained damages, as alleged in Complaint, which is categorically denied by Defendants, then such damages were caused in whole or in part by reason of Plaintiff's failure to mitigate its damages, and the amount of damages otherwise recoverable shall be reduced by such amount as is attributable to the Plaintiff's failure to mitigate damages herein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

112.    Any duty to reimburse or compensate damages claimed by the Plaintiff in the Complaint must be offset or reduced to avoid unjust enrichment by Plaintiff, to take into account amounts and contractual benefits Plaintiff has already recovered, or may recover which may mitigate the Plaintiff's damages and would avoid a double recovery or windfall, including but not limited to Plaintiff's receipt, seizure, use and distribution of petroleum products from its and its agent's contracts with Preble-Rish Haiti.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

113.    The Plaintiff's claims are barred by the doctrines of estoppel, waiver, acquiescence and/or ratification including but not limited in regard to Haiti's retention of defendants to perform legal services, receipt consumption and use of petroleum products obtained via its and its agent's contracts with Preble-Rish Haiti.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

114.    The Complaint fails to establish that the Answering Defendants' conduct fell below the applicable standard of care.  The Defendants exercised due care and diligence in all matters alleged in the Complaint.  The Defendants performed their professional duties and

11

responsibilities, at the very least, within the minimum acceptable standards of care for a lawyer in the New York area, and complied with all applicable laws, rules, regulations, codes, protocols and standards applicable to the facts alleged in this case, and did not deviate or depart from any governing or applicable standard of professional conduct or standard of care pertaining to the facts alleged in this case.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

115.    The Plaintiff's claims are barred by the professional and reasonable judgment rules as those concepts are understood in legal malpractice and as those terms are articulated and applied under the law in New York. Plaintiff directed, oversaw and managed many, most, or all of the legal strategy via its officials and agents and, therefore, may not now question the propriety of the actions of its representatives that were required or approved by Plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

116.    The Complaint fails to state or establish the requisite "but for" element required to prove or demonstrate professional liability against the Defendants and therefore fails to state a *prima facie* case of legal malpractice or a cognizable cause of action for the remedy or relief requested in the Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

117.    The Defendants not being fully advised as to all the facts and circumstances surrounding the events and circumstances which are the subject of the Complaint, hereby assert and reserve unto themselves the defenses of collateral estoppel, contributory negligence, estoppel, unclean hands, failure of consideration, fraud, release, *res judicata*, standing, stay, waiver, General Obligations Law § 15-108, and any further affirmative defense based upon

documentary evidence or other matter constituting an avoidance, mitigation, or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

118.    The plaintiff's claims are not ripe for adjudication.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

119.    Plaintiff has failed to join all parties necessary to a full and fair adjudication of this matter.

### DEMAND FOR JURY TRIAL

The Defendant invokes its right to trial by jury.

**WHEREFORE**, Defendants, HARRIS SLIWOSKI LLP, DAN HARRIS, and JOHN B. MCDONALD, by their attorneys CLAUSEN MILLER P.C., hereby demands judgment dismissing the Complaint of Plaintiff, REPUBLIC OF HAITI, filed on December 5, 2023 in the Supreme Court of the State of New York, County of New York, as against it, together with the costs and disbursements of this action, including attorneys' fees; and for such other and further and different relief as this Honorable Court may deem just, equitable and proper.

Dated:  New York, New York
        January 25, 2024

By:    _____
       Christopher T. Scanlon, Esq.
       **CLAUSEN MILLER, P.C.**
       *Attorneys for Defendants*
       *Harris Sliwoski LLP, Dan Harris and John B.*
       *McDonald*
       28 Liberty St., 39th Floor
       New York, NY 10005
       (212) 805-3900
       cscanlon@clausen.com

10477417.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 25th day of January, 2024, I caused a true and correct copy of the foregoing Answer with Affirmative Defenses to be served via ECF system on all counsel of record:

Bertrand Madsen, Esq.
**MADSEN LAW P.C.**
1115 Broadway , 11th Floor
New York, New York 10010
212.346.7744
bmadsen@madsenlawpc.com

- and -

Elizabeth Wolstein, Esq.
Samuel L. Butt, Esq.
**SCHLAM STONE & DOLAN LLP**
26 Broadway, 19th Floor
New York,  New York 10004
212.344.5400
ewolstein@schlamstone.com
sbutt@schlamstone.com

*Attorneys for Plaintiff Republic of Haiti*

                                                   /s/*Christopher T. Scanlon*
                                                   Christopher T. Scanlon

10477417.1